# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ShaRhonda Ray, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, ShaRhonda Ray, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, ShaRhonda Ray ("Ray"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed to Synchrony Bank.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, defaulted consumer debts that it did not originate. PRA operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant PRA was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant PRA's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant PRA is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant PRA conducts business in Alabama.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including debts she allegedly owed for Synchrony Bank credit cards. Sometime after those debts went into default, they were allegedly purchased/obtained by Defendant PRA, which attempted to collect those debts from her via negative credit reports. Unsure of the debts and the identity of PRA, Ms. Ray consulted with counsel about her debt issues and the debts that PRA was trying to collect.

8. Accordingly, Ms. Ray's attorney wrote to Defendant PRA, via a letter dated May 20, 2020, to dispute the debts that PRA was trying to collect. A copy of this letter and facsimile confirmation is attached as Exhibit B.

9. On July 21, 2020, Ms. Ray obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant PRA had continued to report the debts she allegedly owed for the Synchrony Bank accounts, but

had failed to note that those debts were disputed. The pertinent parts of Ms. Ray's TransUnion and Experian credit reports are attached as Group Exhibit C.

10. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit reports impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit reports, that they were disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debts. Defendant's collection actions alarmed, confused and distressed Ms. Ray and impacted her credit score.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the

following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

15. Defendant, by continuing to report the debts to credit reporting agencies, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

16. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by continuing to report the debts to the credit reporting agencies, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

4

1692k.

## PRAYER FOR RELIEF

Plaintiff, ShaRhonda Ray, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Ray, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, ShaRhonda Ray, demands trial by jury.

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

        By: /s/ Bradford W. Botes_____
        One of Plaintiff's Attorneys

Dated: August 3, 2020

David J. Philipps   (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps   (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

5